Good morning. May proceed. I'm Larry Steele. I represent Donald Rickard, the appellant. And doing some research the other day on another matter, I came across a couple of comments that I thought were interesting and apropos with this case. This case involves some problems that have been hanging around as long as there have been judges and courts. This first comment is real brief. The office of all the judges is always to make such construction as shall suppress the mischief and advance the remedy and to suppress subtle inventions and evasions for continuation of the mischief and to add force and life to the cure and remedy according to the true intent of the makers of the act pro bono publico. Believe it or not, the court was dealing with these kind of problems. This was from Hayden's case 76 English report 637 1584. Four centuries later the US Supreme Court said it ought to be but apparently is not a matter of embarrassment for lower court judges and lawyers that the Supreme Court has felt the need repeatedly of late to point out that the language of a statute is the starting point in ascertaining legislative intent. That's from Lewis v. United States 1980 case US Supreme Court. Basically this is a case that appears before this court from a verdict of a motion for summary judgment in the that can be boiled down to two but I'll read the separate issues. First, the district court determined issues of fact normally left for the jury. Second, the district court erred in failing to consider direct evidence, physical admitted sexual abuse and age-based statements. Third, the district court erred in its failure to consider or give appropriate weight to circumstantial evidence, sexual abuse and age-based discrimination. And fourth, the court erred in its failure to consider Perry Payne, appellant supervisor for title purpose title 7 purposes. I want the court to take notice of two recent decisions won out of the Eighth Circuit. It's right out versus JBS USA an Eighth Circuit case last year which said the better course is for a jury to weigh all the circumstances and decide whether gender and age was a factor in this particular case there were seven that were younger in Mr. Rickert's case and I'm not going into the facts at this point unless the court has a question about the facts because I'm speaking to this court not not the audience so I know you're well aware of the facts in the case but I think a key to the our of evidence the lower court said there was no evidence to support discrimination and this is where I have a real disagreement with a court we had seven depositions lengthy depositions we traveled all over the southern part of the United States to take depositions we had several seven people who summarily said that older employees were treated differently they were targeted for abuse and then we had five different witnesses who testified to Mr. Payne abusing senior management officials and this is kind of crude but Mr. Payne had a term that he called titty twisting where he would approach a male subordinate grab them by the breast and twist them and he did this to Mr. Rickert and said this is sexual harassment I asked the court what more can you have by way of evidence when someone is alleged to have admitted that what they're doing is sexual harassment and obviously the court recognized that act if it occurred as sexual harassment well I'm not sure we accept the definition of some lay person who commits a battery on another person what it is sexual harassment requires sexual desire and sounds more to me like this was an assault where he I mean there's certainly was egregious it should never have been done and all that but for sexual harassment to arise you have to have some sort of sexual desire do you have any evidence that this was anything more than well just no physical harassment according to your definition your honor two more two homosexuals committing a sexual act with each other if you took it your definition to the wouldn't wouldn't be commit an sexual act people with perversion get different kind of sexual satisfaction from different sexual acts in my brief I talked about well I you know you've looked at the law that's that's what our law it's not my definition it's the legal definition well the legal definition since you brought it up says that it can be between two individuals of the same sex doesn't have to be a necessarily sexual act for a person to get sexual pleasure there's a described sexual torture person it gets a perverted some perverted people get sexual pleasure from torturing people did this ever occur again this one act as I understand the record this is one act it occurred one time with my client but he continued the other harassment and the fact that he did this to four other senior officials from one over a period of two years creates a pattern to establish that he did get some sort of perverse pleasure out of this act is that was the only evidence that you have that he got the perverse pleasure I'm sorry what evidence was there you say that he got a perverse sexual pleasure what in the record did you present the fact that he did it with different people if he had just done at the one time with my client you might have said well this is as Judge Raleigh said just a battery but the fact that he continued to do it over a period of time with four other officials and I had witnesses that testified to their observation and that that all the management personnel were present when this occurred hey what else would he do it if he didn't get some sort of perverse perverted pleasure from it so it's repetition pardon just the repetition well that that and if you look at my definition that I've cited from several different medical journals people get perverse pleasure from different things from anything you deposed it this man didn't you sir you deposed him I deposed him yes well what did you develop as far as obviously he may not tell the truth but what what did you what did you do to develop that there was some sort of sexual pleasure that he got out of well he denied everything to start with I mean he and to end with he denied every question about that he even did it that the fact that we had human resources in Texas testifying that he was written up for it let's let's go on to the second part of this goes to the age too and that is that it reached a severity that would warrant a constructive discharge that was what one of the district courts findings what do you have to say that rise that rises to the level level of our Peterson case and some of our other cases which are pretty tough sure and now severe it must be that's why I was quoting what I did at the beginning of my time about the courts and not lower court we have case law now that we have to follow we can't change this court this panel can't change the law of the 8th Circuit so what how do you fit within the law that we have right now that we're dealing well first I would I would like this circuit to follow the law of the US Supreme Court and the intent of Congress when they passed title 7 in 1964 that's what I would like but frankly this court has the reputation your honor of being the most conservative court of all the circuits I practice primarily employee discrimination and it has become a consensus among the bar at least in Arkansas the plaintiffs lawyers representing employees that they are no good longer going to file any discrimination cases in federal court they're going to file them in state court and that's a sad comment that's a sad comment I noticed I have three and a half minutes or three minutes left if I could reserve the rest of my time your you may I appreciate your questions mr. Webb good morning may proceed good morning may it please the court my name is Eugene Webb of the law firm of Troutman Sanders and I represent the appellant Donald Rickard summed up what this case boils down to is the fact that the defendant in an employment discrimination case filed a well supported motion for summary judgment the conclusion of all the discovery in the case the motion was supported by significant evidence taken from the plaintiff responded with frankly admissions to most of the individual statements of fact but then filed a supplemental document stating the additional facts in support of the proof that he would have a trial of his claims of age and sex harassment constructive discharge and retaliation the defendant filed a reply to that and went through the record and as to each one of those facts which have been repeated throughout the appellants briefs it showed where we showed where none of those claims were actually admissible facts even if the witness appeared at trial the depositions that were taken were largely of former employees some of whom were had retired or terminated before the alleged wrongdoer in this case Perry Payne even began to work for Swedish Match and none of them were in a position to evaluate Perry Payne's management of the plaintiff few of them ever intersected with Rickard during their employment and yet they testified variously that Rickard had a good reputation as an as a salesperson that Perry Payne micromanaged his territory representatives who reported to him and sort of stuff like that that would never have been admissible at trial none of these witnesses testified about any incident that evidenced either sexual or ageist hair harassment against Rickard and all of that was before the district court and the district court clearly in its findings said as was criticized in the reply brief by the appellant that there's an overwhelming lack of evidence of discrimination in this case that was not a function of weighing of the evidence that was a function of the fact that the record was there the record that the plaintiff advanced to support his claims and there was simply no discrimination or sex discrimination the vast bulk of Mr. Rickard's complaints about his supervisor was the management style for example he disputed criticisms that were made of him in performance evaluations and documents called the TR scorecard which was a document used on a one-time basis throughout the year to evaluate a territory representative such as Mr. Rickard over a short period of time he said he disputed those findings but he never said no this is not true but this is true there was not a single fact in the record before the district court that disputed any of this and frankly Payne's criticisms of Rickard in this case in terms of the performance of his job really aren't relevant none of his criticisms were tied to any ageist or sexual animus on behalf of mr. Payne he simply told Rickard wherein his his performance was substandard and mr. Rickard doesn't say anything in evidence other than I disagree with it so the performance issue is really a false issue in the case in any event and yet that's what mr. Rickard devotes most of his time in his brief to addressing the bottom line here is that there was no evidence before the district court that showed that mr. Rickard was subject to a pervasive barrage of ageist harassment nor was there any sexual harassment I think that issue has been covered pretty well in the appellant's argument but there there was no legally inappropriate sexual conduct engaged in by anyone at Swedish Match North America against the plaintiff his construction instructive discharge claims fail because he doesn't even meet the requirements for hostile work environment claims under either title 7 or the age act he doesn't appeal the decision against him on the retaliation claim and so it's pretty clear from what the plaintiff did not do in response to the motion for summary judgment that the decision of judge Baker is perfectly correct the case was dismissed as it should have been and we are urging the court to uphold that judgment okay thank you mr. Webb mr. Steele you have about three and a half minutes left this scorecard that mr. Payne developed basically evaluated mr. Rickard in two areas one he had an itinerary where mr. Rickard would have to be at a particular stop at a particular time and if you are a salesman you know that you may spend five or ten minutes at one place in an hour at another and that basically interfered with him being able to make his sales the other thing on the score card was evaluations basically mr. Rickard mr. Payne evaluated mr. Rickard based on old product that was on the shelf at the end of the time when products were to be replaced and we had a witness who testified that mr. Payne would come in and personally remove product and replace mr. Rickard's with old product that couldn't even be sold because the the date had expired on it court asked me earlier what evidence did I have that mr. Payne's contact with mr. Rickard was sexual well the one thing we have is mr. Rickard alleged that Perry Payne when he grabbed him on the breast he said this is sexual harassment now statements made in the complaint at this point in the time are supposed to be taken as true as I said the key to our argument in a nutshell is the court disregarded all of the evidence and I've got page after page after page in my brief of things from various witnesses court in disregarding the evidence then disregarded or made decisions that would be normally left to the jury and this disregarding the evidence is key to her if she felt this way about the evidence then obviously she's not going to think we had a issue of fact and we just really another comment that the court made earlier about the United States being the richest party in a lawsuit I suggest that the court consider mr. Rickard's position against Swedish match kind of David and Goliath but he felt so sincere about his claim that I'm here today on his behalf do you have any questions I say I'm about out of time I don't believe so thank you mr. Steele shaded appreciate you listening to my complaints you're welcome we will take matter under advisement be back to you in due course